Dear Mr. Wright:
You have asked this office to advise you whether you may continue in your employment as Information Technologies Manager for the Bossier Parish District Attorney's office if you are elected to serve as police juror in the same parish.
The provisions of R.S. 42:61, et seq., of the Louisiana Dual Officeholding and Dual Employment Law Govern our response to your question. Note first that the dual officeholding laws generally prohibit one from holding employment and elective office in the same political subdivision. R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
However, for purposes of the dual officeholding law, the parish and the district attorney's office are separate political subdivisions. R.S. 42:62(9) states:
 (9) "Political subdivision" means a parish,
municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added). *Page 2 
R.S. 42:63 does not prohibit one from holding the local elective office of police juror and employment in a separate political subdivision such as the district attorney's office. However, R.S. 16:6 requires the police jury to fund the salaries of employees of the district attorney, as the statute provides:
 § 6. Reimbursement for expenses; payment by police juries
 The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties.
 The police juries of the various parishes of the state of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities.
The incompatibility provisions of R.S. 42:64(A)(5) and (6) are raised by this scenario, as the statute provides:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
You, in your capacity as police juror, would essentially vote to fund your employment with the district attorney's office. For this reason, R.S. 42:64 is applicable and the two positions are considered incompatible. *Page 3 
Because the positions here are incompatible, you would have to resign your employment within the district attorney's office if elected to the police jury.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ___________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL